MATTER OF VORRIAS

In Deportation Proceedings

A-15154704

*Decided by Board February 9, 1967*

As discretionary relief is the only issue in respondent's case, motion to reopen deportation proceedings predicated on *Woodby v. Immigration and Naturalization Service*, 385 U.S. 276 (1966), is denied since the *Woodby* standard is applicable solely to the question of deportability and has no bearing on the matter of discretionary relief.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant crewman—Remained longer.

ON BEHALF OF RESPONDENT:
Barratt O'Hara, II, Esquire
33 South Clark Street
Chicago, Illinois 60603

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Memorandum of law filed)

This case has previously been before us and on September 21, 1966, we sustained the respondent's appeal from an order of the special inquiry officer denying him the privilege of voluntary departure and ordering his deportation from the United States to Greece on the charge contained in the order to show cause. The Board was persuaded that the respondent's application for voluntary departure was of sufficient merit and granted him such privilege. In view thereof, a full recital of the facts is not deemed necessary herein.

A motion to reopen and reconsider these proceedings has been submitted by counsel urging that in light of the recent decision of the United States Supreme Court in *Woodby v. Immigration and Naturalization Service*, 17 L.ed. 2d 362 (December 12, 1966), the Government has not met its burden of proof in the instant case requiring that it must "establish the facts supporting deportability by clear, unequivocal and convincing evidence." Thus, counsel for the respondent moved that the proceedings in this case be terminated.

In a Memorandum of Law, the Service outlined the respondent's own testimony of record conceding that he was an alien; that he was

a native and citizen of Greece; that he was admitted to the United States as a nonimmigrant crewman; and that he remained beyond the period of time permitted for his stay in the United States; and other testimony as to the manner and circumstances of his entry, and as to his conduct following entry. The Service contended, however, that since it is clear from the record that the only issue on which there was any controversy was that of discretionary relief, and the record makes it abundantly clear under any burden of proof that the respondent is in fact deportable, it fails to see any relevancy between the instant case and the authority relied upon by counsel for the respondent. Also, although the respondent was granted the maximum relief available to him in the circumstances of this case, to wit, voluntary departure, nevertheless, "he seems bent on a determined effort to protract his illegal stay in the United States." The Service requested that the instant motion be denied.

In the *Woodby* case, *supra*, the Supreme Court held that the Government has the burden of proving the facts supporting deportability by clear, unequivocal and convincing evidence. The decision, however, applied solely to the question of deportability and has no bearing on the matter of discretionary relief, the only issue herein. An alien has the burden of demonstrating that he is worthy of such relief. The only exercise of discretion available to the Board in the circumstances of this case was voluntary departure and the respondent's application for this privilege was granted by our earlier decision herein. We are persuaded, therefore, from our review of this entire matter that the contentions of respondent are without merit. Accordingly, the motion of the respondent to reopen this matter is hereby denied.

**ORDER:** It is ordered that the motion be and the same is hereby denied.